IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAIRBANKS CAPITAL CORP.,  :
    Plaintiff  :
  :
v.  :    Civil No. AMD 02-2587
  :
W. CRAIG KENNEY,  :
    Defendant  :

...o0o...

MEMORANDUM

Plaintiff, Fairbanks Capital Corporation ("Fairbanks"), has filed a six count complaint against defendant W. Craig Kenney ("Kenney"), a Maryland homeowner whose home mortgage is serviced by plaintiff. Fairbanks seeks damages and equitable and declaratory relief pursuant to federal law for trademark and copyright infringement and under state law. The claims arise out of Kenney's creation and operation of a website, which he describes as a vehicle for his "legitimate constitutional free speech rights to freely and openly criticize Fairbanks' [mortgage] loan servicing operation." Indeed, for more than two years, the parties have been engaged in litigation in federal and state court over their disputes; a trial is scheduled in the Circuit Court for Baltimore County, Maryland, in March 2003, in respect to claims instituted by Kenney against Fairbanks in connection with the latter's attempt to foreclose on Kenney's home mortgage. Upon the filing of this case (which is really a refiling of a similar case previously dismissed by a federal district court for lack of personal jurisdiction over Kenney in Utah), Judge Motz, as chambers judge, issued a temporary

restraining order on August 6, 2002, granting certain affirmative and prohibitory relief to plaintiff. Thereafter, before a preliminary injunction hearing could be held, the parties submitted a consent motion pursuant to which they agreed to an indefinite extension of the temporary restraining order issued by Judge Motz. I granted the consent motion and it remains in effect; Fairbanks alleges that Kenney has violated that order.

Now pending are defendant's motion to dismiss or in the alternative for summary judgment; the plaintiff's motion for leave to commence discovery; and the plaintiff's motion for a preliminary injunction. No hearing is needed. Local Rule 105.7 (D.Md. 2001).

As for the ostensible motion to dismiss, which is described as an alternative motion, in fact the defendant makes no pretense that the motion is anything other than a motion for summary judgment. The motion is accompanied by a four inch stack of critical exhibits, detailing in depth some of the factual history of this dispute. Thus, the motion to dismiss is not remotely a properly filed motion under Fed.R.Civ.P. 12(b)(6). Manifestly, to the contrary, it is a pre-discovery motion for summary judgment, which is not yet ripe for consideration. It may well be that one or more claims might better be realleged, but there has been enough of a delay in this case and I will not require Fairbanks to file an amended complaint. *Cf. Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002).

I shall grant the motion allowing immediate commencement of discovery by the parties; indeed, the parties will need discovery to present their claims and defenses at the hearing on the motion for preliminary injunction. It is unclear to me why a preliminary

injunction hearing was not requested by plaintiff before it filed its motion for preliminary injunction on November 25, 2002. In any event, I shall allow discovery and the hearing on the motion for preliminary injunction is calendared for February 28, 2003, commencing at 10:30 a.m. An Order follows.

Filed: December 16, 2002

_____
ANDRÉ M. DAVIS
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAIRBANKS CAPITAL CORP.,  :
    Plaintiff  :
        :
v.  :    Civil No. AMD 02-2587
        :
W. CRAIG KENNEY,  :
    Defendant  :

...oOo...

## ORDER

In accordance with the foregoing Memorandum, it is this 16th day of December, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That the defendant's motion to dismiss or for summary judgment (Paper No. 9-1 and 9-2) is DENIED WITHOUT PREJUDICE AND DEFENDANT SHALL ANSWER THE COMPLAINT ON OR BEFORE JANUARY 6, 2003; and it is further ORDERED

(2) That the motion for leave to take discovery, etc. (Paper No. 11) is GRANTED AND THE PARTIES MAY COMMENCE DISCOVERY IMMEDIATELY; and it is further ORDERED

(3) That an evidentiary hearing on the motion for preliminary injunction shall be held on Friday, February 28, 2003, commencing at 10:30 a.m.; and it is further ORDERED

(4) That the Clerk shall TRANSMIT copies of this Order and the foregoing Memorandum to all counsel.

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE