IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAIRBANKS CAPITAL CORP. | * | |
| Plaintiffs | * | |
| vs. | * | CASE NO.: AMD 02 CV 2587 |
| W. CRAIG KENNEY, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S SUPPLEMENTAL POST HEARING REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants, W. Craig Kenney ("Kenney") and Brian Barr ("Barr") hereby supplement their reply in opposition to the Post Hearing Brief of Plaintiff's ("Fairbanks") Motion for Preliminary Injunction.

The reply will be based upon this Notice, the attached Memorandum of Points and Authorities, and recent changes to the website subject to this action.

DATED: March 31, 2003

By: /s/ Barton J. Sidle
Barton J. Sidle (#09315)
9515 Deereco Road
Suite 902
Timonium, Maryland 21093
(410) 560-2800
(410) 308-3035 (fax)

By: /s/ Peter B. Langbord
Peter B. Langbord
FOLEY & MANSFIELD
595 E. Colorado Boulevard
Suite 418
Pasadena, California 91101
(626) 744-9359 (Office)
(626) 744-1702 (Fax)

Attorneys for Defendant
W. Craig Kenney

1

2

By:   */s/ Philip Friedman*
    Philip Friedman (# 22766)
    FRIEDMAN LAW OFFICES, PLLC
    1735 New York Avenue, N.W.
    Suite 500
    Washington, D.C. 20006
    (202) 661-3925
    (202) 331-1024

    Attorney for Defendant Brian Barr

Case 1:02-cv-02587-AMD   Document 47   Filed 03/31/2003   Page 2 of 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FAIRBANKS CAPITAL CORP. | * | |
| Plaintiffs | * | |
| vs. | * | CASE NO.: AMD 02 CV 2587 |
| W. CRAIG KENNEY, et al. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S POST TRIAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Defendants W. Craig Kenney ("Kenney") and Brian Barr ("Barr"), through this Supplemental Memorandum seek to bring to the Court's attention changes made to their website, www.conti-fairbanks.com. ("The website"). These changes eliminate any possibility that a likelihood of confusion exists between the parties respective use of the term "fairbanks" or any other trademarks owned by Plaintiff.[1] The changes further make Plaintiff's request for preliminary injunction inappropriate.

Specifically, Defendants have adjusted their website and placed a large notice at the top of the page stating:

> **"OBVIOUSLY, THIS IS NOT THE OFFICIAL WEBSITE FOR FAIRBANKS CAPITAL CORPORATION. CLICK HERE IF, FOR SOME ODD REASON, YOU ARE LOOKING FOR FAIRBANKS CAPITAL CORPORATION"**

---

[1] Defendants do not concede that their website, in its original state and when viewed in its entirety created any likelihood of confusion to the ordinary consumer. <u>Anheuser-Busch, Inc. v. L&L Wings, Inc.</u>, 962 F.2d 316, 318 (4th Cir. 1992).

3

See, Exhibit 1 at page 1. The words "click here" are hypertext links to www.fairbankscapital.com. Additionally, at the bottom of the front page of the website, Kenny and Barr state;

> **"THIS WEBSITE IS NOT IN ANY WAY CONNECTED WITH FAIRBANKS CAPITAL CORPORATION OR ANY OTHER CORPORATE ENTITY.  IT IS FUNDED SOLELY BY ITS OPERATORS AND RECIEVES NO FEES OF ANY KINDFOR THE INFORMATION PRESENTED.  THE INFORMATION PRESENTED IS BELIEVED TO BE TRUE AND FACTUAL AND IN SOME CASES IS THE PERSONAL OPINION OF THE OPERATORS OR THOSE WHO COMMENT ON THE DISCUSSION FORUM.  NO LEGAL CONCLUSION IS INFERRED AND NONE OF THE INFORMATION PRESENTED SHOULD BE CONSIDERED LEGAL ADVICE."**

See, Exhibit 1 at page 3.

**The new "disclaimer" eliminates any likelihood of confusion.**

It is undisputed that Defendants use their website for critical commentary of Plaintiff and the entire mortgage servicing industry.  Defendants do not use the website for any commercial gain, or in a way that confuses the public. See, CPC International, Inc. v. Skippy, Inc., 214 F.3d 456, 461  (4th Cir. 2000), quoting, Anheuser Busch, Inc. v. L & L Wings, Inc., 962 F.2d 316, 321-22 (4th Cir. 1992). Furthermore, even if the website contains more than just critical commentary and engages in commercial speech, there is no cause of action for trademark infringement unless there is a likelihood of confusion between the parties goods and services. The Taubman Company v. Webfeats, 319 F.3d 770 at *15-16, 2003 U.S. APP. LEXIS 2105 (6th Cir. 2003).  See, Bird v. Parsons, 289 F.3d 865, 877 (6th Cir. 2002).  It is irrelevant whether customers would be confused as to the origin of the websites, unless there is confusion as to the origin of the respective products.  Taubman, supra. at *16.

Plaintiff, in seeking this injunction, contends that Defendants' website causes confusion and prevents customers from accessing their website.  However, the existence of a conspicuous disclaimer actually serves to redirect any accidentally arrived customers and eliminates any

4

likelihood of confusion.  Id. at *16-18, see also, Holiday Inns, Inc. v. 800 Reservation, Inc., 86 F.3d 619 (6th Cir. 1996).

When the Defendants' website, with the new disclaimer, is analyzed according to the standard of an ordinary consumer, there is no likelihood of confusion.  Taubman, supra; see also, Anheuser-Busch, Inc. v. L&L Wings, Inc., 962 F.2d 316, 318 (4th Cir. 1992).  Any confusion, which might have earlier been present, no longer exists.  Accordingly, no injunction is necessary.

Kenney and Barr, now, in clear and precise language advise that the website is not affiliated with Fairbanks Capital Corporation.  They furthermore, provide a direct link for anyone who arrived accidentally while looking for Plaintiff.  Any ordinary visitor to the Defendants' site should immediately be well aware of the critical nature of the site and its lack of affiliation with Plaintiff.

**Plaintiff does not have unlimited rights to use its trademark.**

Furthermore, even if Defendants use Plaintiff's trademark in their website, it is solely for critical commentary and not for commercial purposes. "If a trademark owner could enjoin the use of his mark in a noncommercial context found to be negative or offensive, then a corporation could shield itself from criticism by forbidding the use of its name in commentaries critical of its conduct." Skippy, supra, 214 F.3d at 462, citing, L.L. Bean, Inc. v. Drake Publishers, Inc., 811 F.2d 26, 33 (1st Cir. 1987).

For the foregoing reasons, as well as those stated earlier this Court should deny Plaintiff's request for a preliminary injunction as changes to Defendants website eliminate any likelihood of confusion and the need for a preliminary injunction.

DATED: <u>March 31, 2003</u>　　　　　　　　　By: <u>　/s/ *Barton J. Sidle*</u>
　　　　　　　　　　　　　　　　　　　　　　　Barton J. Sidle (#09315)
　　　　　　　　　　　　　　　　　　　　　　　9515 Deereco Road
　　　　　　　　　　　　　　　　　　　　　　　Suite 902
　　　　　　　　　　　　　　　　　　　　　　　Timonium, Maryland 21093
　　　　　　　　　　　　　　　　　　　　　　　(410) 560-2800
　　　　　　　　　　　　　　　　　　　　　　　(410) 308-3035 (fax)


　　　　　　　　　　　　　　　　　　　　By: <u>　/s/ *Peter B. Langbord*</u>
　　　　　　　　　　　　　　　　　　　　　　　Peter B. Langbord
　　　　　　　　　　　　　　　　　　　　　　　FOLEY & MANSFIELD
　　　　　　　　　　　　　　　　　　　　　　　595 E. Colorado Boulevard
　　　　　　　　　　　　　　　　　　　　　　　Suite 418
　　　　　　　　　　　　　　　　　　　　　　　Pasadena, California 91101
　　　　　　　　　　　　　　　　　　　　　　　(626) 744-9359 (Office)
　　　　　　　　　　　　　　　　　　　　　　　(626) 744-1702 (Fax)
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　W. Craig Kenney


　　　　　　　　　　　　　　　　　　　　By: <u>　/s/ *Philip Friedman*</u>
　　　　　　　　　　　　　　　　　　　　　　　Philip Friedman (# 22766)
　　　　　　　　　　　　　　　　　　　　　　　FRIEDMAN LAW OFFICES, PLLC
　　　　　　　　　　　　　　　　　　　　　　　1735 New York Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　　Suite 500
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　　　　(202) 661-3925
　　　　　　　　　　　　　　　　　　　　　　　(202) 331-1024

　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Brian Barr


## CERTIFICATE OF MAILING

　　I HEREBY CERTIFY that on this 31st day of March 2003, a copy of the foregoing Supplemental Post Hearing Reply in Opposition to Plaintiff's Motion for Preliminary Injunction and Memorandum of Points and Authorities was mailed, postage prepaid to:

Daniel J. Mulligan
Jenkins & Mulligan
660 Market Street
Third Floor
San Francisco, California 94104
Attorney for Defendant, Brian Barr

　　　　　　　　　　　　　　　　　　　　By: <u>　/s/ *Barton J. Sidle*</u>
　　　　　　　　　　　　　　　　　　　　　　　Barton J. Sidle