UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Northern Division

FAIRBANKS CAPITAL CORP.,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　Civil Action No. AMD02CV2587
　　　　　　　　　　　　　　　　　　)
W. CRAIG KENNEY, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)

MOTION TO COMPEL NON-REDACTED DISCOVERY RESPONSES

Plaintiff Fairbanks Capital Corporation, by its attorneys, pursuant to Rule 37 of the

Federal Rules of Civil Procedure and Local Rule 104.8, hereby moves the Court to compel

defendant W. Craig Kenney to provide non-redacted discovery responses to Fairbanks' requests

for production of documents, and as grounds therefor, refers to the accompanying Memorandum

of Points and Authorities filed herewith and incorporated herein.

　　　　　　　　　　　　　　　　　BAKER & HOSTETLER LLP


　　　　　　　　　　　　　　　　　By:_____/s/ Mark I. Bailen_____
　　　　　　　　　　　　　　　　　　　　Frederick W. Chockley (#04278)
　　　　　　　　　　　　　　　　　　　　Gary Rinkerman
　　　　　　　　　　　　　　　　　　　　Mark I. Bailen (#13805)
　　　　　　　　　　　　　　　　　　　　1050 Connecticut Ave., N.W., Suite 1100
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20036
　　　　　　　　　　　　　　　　　　　　(202) 861-1680

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of April 2003, the foregoing Motion to Compel and accompanying papers were sent via first class mail, postage prepaid, to:

> Barton J. Sidle, Esq.
> 9515 Deereco Road, Suite 902
> Timonium, MD 21093
>
> Philip Friedman, Esq.
> 1735 New York Avenue, NW
> Suite 500
> Washington, DC 20006
>
> Peter B. Langbord, Esq.
> Foley & Mansfield
> 595 East Colorado, Suite 418
> Pasadena, CA 91101
>
> Daniel J. Mulligan, Esq.
> Jenkins & Mulligan
> 660 Market St.
> Third Floor
> San Francisco, CA 94104

BAKER & HOSTETLER LLP

By:_____ /s/ *Mark I. Bailen*_____
    Frederick W. Chockley (#04278)
    Gary Rinkerman
    Mark I. Bailen (#13805)
    1050 Connecticut Ave., N.W., Suite 1100
    Washington, D.C. 20036
    (202) 861-1680

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Northern Division

| | | |
|---|---|---|
| FAIRBANKS CAPITAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. AMD02CV2587 |
| | ) | |
| W. CRAIG KENNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FAIRBANKS'
MOTION TO COMPEL NON-REDACTED DISCOVERY RESPONSES

Introduction

For the second time in less than three months, Fairbanks Capital Corp. ("Fairbanks")
reluctantly finds itself filing a motion to compel to obtain complete discovery responses from
defendant W. Craig Kenney ("Kenney"). This time, without legal justification, Kenney has
redacted crucial identifying information contained in documents produced in response to
Fairbanks' First Requests for Production of Documents. Fairbanks requests that the Court enter
an Order (1) compelling Kenney to produce non-redacted, complete copies of documents
responsive to Fairbanks' discovery requests, pursuant to Fed. R. Civ. P. 26(b), and (2) awarding
Fairbanks fees and expenses incurred in filing this motion, pursuant to Fed. R. Civ. P. 37(a).

Statement of Facts

On January 3, 2003, Fairbanks served its First Request for Production of Documents on
Kenney. Among other things, Fairbanks sought "all correspondence received at info@conti-
fairbanks.com, including but not limited to inquiries from persons seeking to contact
ContiMortgage, Fairbanks, or their representatives." See Plaintiff's First Request for Production

of Documents, Request No. 6, Jan. 3, 2003, attached hereto as Exhibit 1. Info@conti-fairbanks.com is the official email address for Kenney's website, listed under the "Contact Us" page and elsewhere. See, e.g., www.conti-fairbanks.com/contact_us.htm; www.conti-fairbanks.com.

On February 4, 2003, Kenney responded to Fairbanks' document request, producing several emails that had been sent to and from the info@conti-fairbanks.com email account.[1] However, Kenney redacted names, email addresses, phone numbers, and mailing addresses throughout the documents. See, e.g., Email to wcraigkenney@msn.com, Jan. 19, 2003, 11:07 AM, attached hereto as Exhibit 2. No reason for the redactions was provided, nor was there a readily apparent pattern to the redactions.

On March 10, 2003, Fairbanks sent Kenney a letter in a good faith attempt to resolve a discovery dispute pursuant to Fed. R. Civ. P. 37. See Letter from Frederick W. Chockley, Esq. to Barton J. Sidle, Esq., Mar. 10, 2003, attached hereto as Exhibit 3. Fairbanks noted the absence of any explanation for the redactions and pointed out that "[t]he identities of the redacted persons are reasonably calculated to lead to the discovery of admissible evidence on several matters in this case," including evidence of confusion by internet users and others who have knowledge of the website. Id.

On March 19, 2003, Kenney responded, stating that he disagreed that the identities of the redacted persons are relevant and refusing to produce non-redacted versions of the emails. See Letter from Barton J. Sidle, Esq. to Frederick W. Chockley, Esq., Mar. 19, 2003, attached hereto as Exhibit 4.

---

[1] The emails were printed, and sometimes sent, from Kenney's personal email account, wcraigkenney@msn.com, because email sent to info@conti-fairbanks.com is forwarded to wcraigkenney@msn.com. See Deposition of W. Craig Kenney, Jan. 9, 2003, at 101-02.

<u>Argument</u>

I.    The Identities of Authors and Recipients of Emails Regarding
      the Website Are Highly Relevant and Kenney Should Be
      <u>Compelled to Produce Non-Redacted Copies Of The Emails</u>

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery

regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .

Relevant information need not be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The identifying information redacted from the emails is clearly calculated to lead to the

discovery of admissible evidence on several matters in this case.  First, it may lead to

information about internet users who have been confused by Kenney's website.  For instance,

one of the emails produced—but redacted—by Kenney is an email from a person who wrote

only the following to Kenney: "I would like to make an automated payment of August and

September charges.  I have not received a bill of late and can't find an old one with the 800

number on it to do so." <u>See</u> Email to <u>info@conti-fairbanks.com</u>, Sept. 4, 2002, 10:56 AM,

attached hereto as Exhibit 5.  Kenney redacted the author's name, email address, mailing

address, phone numbers, social security number, and account number before producing the

email.  Another email to Kenney requested the following: "Please take me off your mailing list.

Like I have said I have not had any problems with the company I like their service.  So I am Pro

not Con." <u>See</u> Email to <u>wcraigkenny@msn.com</u>, Jan. 19, 2003, 11:07 AM, attached hereto as

Exhibit 2.  Kenney also redacted the email address of this borrower, who may well have only

provided his/her email address to Kenney in the first place because he/she was confused about

the purpose of the website (considering that he/she now wants to be removed from Kenney's email list).[2]

In a broader sense, the redacted information is relevant because it will lead to other people with knowledge about Kenney's website. The persons whose names have been redacted may well have knowledge about Kenney's use of the website to distribute Fairbanks' financial statements and performance reports; Kenney's use of the website for profit; and Kenney's use of the website to contact current or former Fairbanks employees. They may also have general knowledge about the confusing nature of the website and other persons who frequent it. And at the very least, they have some knowledge of Kenney's website generally. The identity of these individuals is surely "calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See also Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993) ("Discovery under the Federal Rules of Civil Procedure is, of course, broad in scope and freely permitted."); Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977) ("The broad scope of discovery is evident in Rule 26(b)(1)."). The minimum relevance requirement of Rule 26(b) is more than present here. The redacted information is highly relevant to Fairbanks' case.

II.      Kenney Has No Legal Justification For Redacting The Identifying Information

In response to Fairbanks' good faith attempt to resolve this dispute, Kenney simply stated that he "disagreed" with Fairbanks' "assertion that the identities of the redacted persons are relevant." See Letter from Barton J. Sidle, Esq. to Frederick W. Chockley, Esq., Mar. 19, 2003. Tellingly, Kenney did not attempt to claim that the redactions were necessary to protect attorney

---

[2] Moreover, with the exception of the "information forms" that are automatically emailed to Kenney when users fill them out at www.conti-fairbanks.com/Information_Form.htm, the only emails that were produced to Fairbanks by Kenney are from the month of January 2003. Kenney's explanation for this is that prior to January 2003, he "was not in the habit of saving his e-mails" (despite the fact that this litigation had been ongoing since August 2002). See Letter from Barton J. Sidle, Esq. to Frederick W. Chockley, Esq., Mar. 19, 2003. It is worth noting that even in that short time frame, there is at least this one email memorializing evidence of possible actual confusion by a visitor to Kenney's website.

work product or attorney-client privilege. Indeed, Kenney could not have made such a claim in good faith. No actual <u>content</u> is redacted in the documents; only identifying information is redacted. Because the communications themselves have not been redacted, and because Kenney is not an attorney, the attorney-client privilege and work product doctrine are invalid grounds for the redactions. <u>See, e.g.,</u> <u>In re Allen</u>, 106 F.3d 582, 600, 607 (4th Cir. 1997) (For a communication to be privileged, it must be made to a "member of the bar of a court" and "relate[] to a fact of which the attorney was informed by his client . . . for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding"; and "[t]o qualify for protection under the work product doctrine, a lawyer must create the document in anticipation of litigation").

Additionally, Kenney cannot claim that the redacted persons have some sort of privacy or confidentiality right in their identifying information that justifies the redactions because "confidentiality is generally not grounds to withhold information from discovery." <u>Geer v. Cox</u>, 2003 U.S. Dist. LEXIS at *4 (D. Kan. 2003) (ordering production of identifying information in case involving subscription agreement that provided for confidentiality of registered users). Moreover, Kenney is not entitled to simply withhold the information as he has done here. He must seek a protective order from the Court pursuant to Rule 26(c). Kenney has not asked this Court for such an order; nor could he, because he cannot establish the "good cause" necessary for such an order. Fed. R. Civ. P. 26(c).

In any event, Kenney has waived any purported confidentiality in the redacted information. Kenney is providing the <u>very type of information that he has redacted</u> to the news media and other outside sources. For instance, Kenney states on his website with regard to a television news story that he will be "sharing the names of borrowers who have contacted us."

See "The WBAL-TV I-Team Makes the PMI Connection," Apr. 8, 2003, available at www.conti-fairbanks.com/News_Updates.htm, attached hereto as Exhibit 6. See also "We Will Now Be Forwarding Borrowers Comments," Apr. 10, 2003, available at www.conti-fairbanks.com/News_Updates.htm, attached hereto as Exhibit 7. Kenney's willingness to provide the redacted information to other organizations, including the news media, completely belies his argument that privacy interests are at stake.

Finally, it is worth noting that the redactions are inconsistent throughout the documents. Information that is redacted in one place is not redacted in another. In short, Kenney appears to have no grounds for the redactions, but only seeks to hamper Fairbanks' discovery efforts.

III.    Fairbanks Is Entitled To Payment of Fees And Expenses For Making This Motion

Federal Rule of Civil Procedure 37(a) states that "if a party, in response to a request [for production] submitted under Rule 34 . . . fails to permit inspection as requested, the discovering party may move for an order compelling . . . inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). Moreover,

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall . . . require the party . . . whose conduct necessitated the motion . . . or attorney advising such conduct or both . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(4)(A). Fairbanks respectfully requests that the Court order Kenney to pay Fairbanks' fees and expenses in making this motion in light of Kenney's frivolous grounds for withholding the redacted information.

<u>Conclusion</u>

Fairbanks therefore respectfully requests that the Court immediately Order Kenney to

provide non-redacted copies of all documents responsive to Fairbanks' discovery requests and

also Order Kenney and/or his counsel to pay Fairbanks' reasonable expenses incurred in making

this Motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a).

Respectfully submitted,

BAKER & HOSTETLER LLP

Dated: April 17, 2002

By:_____/s/  *Mark I. Bailen*_____
    Frederick W. Chockley (Bar #04278)
    Gary Rinkerman
    Mark I. Bailen (Bar #13805)
    1050 Connecticut Avenue, NW, Suite 1100
    Washington, DC  20036
    (202) 861-1500

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Northern Division

| | | |
|---|---|---|
| FAIRBANKS CAPITAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. AMD02CV2587 |
| | ) | |
| W. CRAIG KENNEY et al., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Fairbanks Capital Corp. ("Fairbanks"), by counsel, hereby requests that

defendant W. Craig Kenney ("Kenney") produce for inspection and copying the documents

identified in the following requests at his deposition, scheduled for January 9, 2002 at 9:30 a.m.

at the offices of Barton J. Sidle, Esq., 9515 Deereco Road, Suite 902, Timonium, MD 21093, or

at such other time as is mutually agreed.

Definitions

1.    "You" or "Kenney" means W. Craig Kenney or any of his assigns, agents,

representatives, attorneys, consultants, or other persons or entities at any time acting on behalf or

under the control of or affiliated with W. Craig Kenney.

2.    "Document" means all original writings and drafts of any nature whatsoever, and

all non-identical copies thereof, in hard copy or electronic form, in your possession, custody or

control, regardless of where located, and includes, but is not limited to, correspondence,

drawings, receipts, statements, drafts, applications, agreements, records, reports, studies,

summaries, memoranda, calendar or diary entries, handwritten or typed notes, working papers,

minutes, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures,

schedules, telegrams, teletypes, photographs, books, magazines, newspapers, booklets, circulars,

Request No. 4. Provide all documents pertaining to Fairbanks' financial statements or performance reports, including but not limited to:

(a) any copies—electronic, paper, or otherwise—of the financial statements in your possession;

(b) any documents that pertain to any persons or entities to whom you provided the financial statements or performance reports;

(c) any documents that pertain to any persons or entities that you know possess the financial statements or performance reports; and

(d) any other documents that pertain to the acquisition, use, posting, downloading, or removal of Fairbanks' financial statements or performance reports.

Request No. 5. Provide all documents reflecting or pertaining to any opinions you have obtained regarding the lawfulness or appropriateness of the acquisition, use, downloading, posting, or removal of Fairbanks' financial statements or performance reports.

Request No. 6. Provide all documents pertaining to any and all correspondence sent to you at the post office mailing address for the Website ("CONTI-FAIRBANKS.COM," P.O. Box 925, Glencoe, Maryland 21152) and all correspondence received at info@conti-fairbanks.com, including but not limited to inquiries from persons seeking to contact ContiMortgage ("Conti"), Fairbanks, or their representatives.

Request No. 7. Provide all documents comprising or pertaining to communications (in any form) between yourself and other persons about the subject matter of the Website, including but not limited to discussions with lawyers not your own.

- 3 -

## w. craig kenney

| | |
|---|---|
| **From:** | [redacted] |
| **To:** | "w. craig kenney" <wcraigkenney@msn.com> |
| **Sent:** | Sunday, January 19, 2003 11:07 AM |
| **Subject:** | RE: Write to Judge Hoke |

Please take me off your mailing list. Like I have said I have not had any problems with the company I like their service. So I am Pro not Con.

And according to my own reaserch they are not Conti Mortgage.

------ Original Message -----
From: w. craig kenney
Sent: Sat, Jan 18, 2003 7:11pm
To:



URGENT MESSAGE FROM: www.conti-fairbanks.com

## WRITE TO JUDGE HOKE IN WEST VIRGINIA

As you know a victory on January 30th in the West Virginia case is critical to our mission. Everyone needs to write an old fashion latter to Judge Hoke. Keep you letter short and to the point. Briefly state your issues in one paragraph. End your letter by showing your appreciation and support for his ruling "*in the matter of Lucus / Overbaugh v. Fairbanks Capital / Golden*". And finally, let him know that what is happening in West Virginia is going on all across America tens of thousands of times annually.

**DO IT TODAY!**

The Honorable Jay M. Hoke
LINCON COUNTY COURT HOUSE
8000 Court Avenue
Hamlin, West Virginia  25523

If you must, you may Fax your correspondence to Judge Hoke at: 304-824-7909, otherwise send it by First Class Mail.

# BAKER
### &
# HOSTETLER LLP
#### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100  •  1050 CONNECTICUT AVENUE, N.W.  •  WASHINGTON, D.C. 20036-5304  •  (202) 861-1500
FAX (202) 861-1783

FREDERICK W. CHOCKLEY III
WRITER'S DIRECT DIAL NUMBER (202) 861-1680
E-MAIL: FCHOCKLEY@BAKERLAW.COM

March 10, 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

Bart Sidle, Esq.
9515 Deereco Road
Suite 902
Timonium, MD 21093

Re:    <u>Fairbanks Capital Corp. v. Kenney, et al.</u>

Dear Bart:

This letter is in follow up to Mr. Kenney's answers to interrogatories and responses to request for production of documents, which you served on February 4, 2003.

Several issues are raised by the discovery responses which I would like to resolve as soon as possible. Specifically:

1. In response to Document Request 14, which requests all documents that pertain to communications or contemplated communications with ex-Conti or ex-Fairbanks employees, you say that "said document is attached hereto." I fail to see a responsive document to Request 14 among the documents that you produced. Please either provide the document that you were referring to or explain to me which document that you have already provided is responsive.

2. Among the documents you produced are Fairbanks' financial statements, originally obtained from the state of Texas. The financial statements appear to have been faxed from one party to another at some point. However, the fax header (specifically, the "from" line and the originating fax number) appears to have been redacted. Please provide a copy without redactions.

3. Throughout the documents that you produced, there are several redacted email addresses, names, phone numbers, and mailing addresses. However, I can discern no valid reason for or even an apparent pattern to these redactions. You provided no reasons for the redactions in your cover letter or elsewhere, and you failed to even note that you were redacting portions of the documents.

CINCINNATI  •  CLEVELAND  •  COLUMBUS  •  COSTA MESA  •  DENVER  •  HOUSTON  •  LOS ANGELES  •  NEW YORK  •  ORLANDO  •  WASHINGTON
*International Affiliates–SÃO PAULO, BRAZIL • JUÁREZ, MEXICO*
www.bakerlaw.com

Bart Sidle, Esq.
March 10, 2003
Page 2

The identities of the redacted persons are reasonably calculated to lead to the discovery of admissible evidence on several matters in this case. They may cast light on: Borrowers who may have been confused by Mr. Kenney's website; Mr. Kenney's attempts to contact Fairbanks employees; Fairbanks' loss of goodwill; Mr. Kenney's use of the website for profit; and others with knowledge about the website. For instance, one redacted message appears to be from a satisfied Fairbanks customer asking to be taken off Mr. Kenney's email list. Another message inquires whether Mr. Kenney has spoken to "Gena" recently (possibly referencing Gina Groves).

Additionally, it appears that no actual *content* is redacted at any point in the documents, (merely identifying information). Therefore, attorney-client privilege and work product would not seem to be valid grounds for the redactions. Finally, at several places throughout the documents, information that is redacted in one place is not redacted in another, and you provided no reasons. In short, I fail to see any reasonable basis whatsoever for the redactions.

Please provide copies of all documents without redactions. Also, please provide electronic copies of all emails, without any deletions. You may provide them on a CD-ROM or we can make other arrangements.

4. Although you produced several responsive emails, the majority of the emails appear to be from January 2003 only, with the exception of the "registration forms." In light of the fact that we have obtained documents from other sources that indicate that Mr. Kenney sent several emails prior to January 2003 that pertained to the referral of potential clients to attorneys, we request that Mr. Kenney verify that there are no other responsive emails in his possession, including his email account's inbox, "deleted items" folder, "sent items" folder, and any subfolders, as well as hard copies or copies of such emails saved to disk. For instance, Daniel Edelman produced a copy of an exchange of emails dated October 18-19, 2002, concerning the "secure" portion of Mr. Kenney's website, which you did not produce to us. Copies of all emails should be produced in electronic form and on paper.

In conclusion, we respectfully request that you provide responsive, non-redacted documents on these matters, or we will file a motion to compel. Please treat this letter as a good faith attempt to resolve a discovery dispute pursuant to Rule 37 of the Federal Rules of Civil, and please call me if you would like to discuss these matters. I look forward to hearing from you.

Very truly yours,

Frederick W. Chockley III

# Barton J. Sidle
## ATTORNEY AT LAW

9515 Deereco Road • Suite 902 • Timonium, Maryland 21093
Telephone (410) 560-2800 • Fax (410) 308-3135

March 19, 2003

*Via Mail and Facsimile (202) 861-1783*
Frederick G. Chockley
BAKER & HOSTETLER, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Re:    Fairbanks Capital Corp. v. Kenney, et al.

Dear Fritz:

I am writing in response to your letter dated March 10, 2003, regarding Mr. Kenney's Answers
to Interrogatories and Responses to Request for Production of Documents.  Below I will attempt
to respond to your concerns.

It is my understanding that the documents regarding communications with ex-Conti or ex-
Fairbanks employees refers to a post on the site that appears to come from a Fairbanks employee.
Enclosed please find an additional copy of that posting dated December 8, 2002.

Regarding the Financial Statement, we did not redact that document and it reflects its condition
as it exists in my files.  Additionally, enclosed please find the statement originally provided by
Fairbanks to the State of Texas.

In the course of discovery we have redacted the e-mail addresses, names and telephone numbers
and mailing addresses from the e-mails provided.  The reason these documents were redacted
was to protect the identity of borrowers and any possible retaliatory conduct by your client.

I disagree with your assertion that the identities of the redacted persons are relevant.  Clearly,
from the content of the postings there is no indication that any of these persons were confused by
Mr. Kenney's website.  They furthermore show no attempts by Mr. Kenney to contact Fairbanks
employees.  Nor do they have any relevance on Fairbanks' loss of good will.  They also show no
indication of Mr. Kenney's use of the website for profit.  As an accommodation, please identify
which e-mail you refer to that indicates Mr. Kenney has spoken to "Gena".  I will provide a non-
redacted copy of that message.

Mr. Kenney has no e-mails prior to January 2003, as until that time he was not in the habit of
saving his e-mails.  Furthermore, any documents prior to June 2002 where either destroyed in the
fire, or lost when his computer disappeared.  He has no other responsive e-mails in his
possession.

Apartado 1682 (1000) • San José, Costa Rica
Telephone (011) (506) 232-1626 • Fax (011) (506) 257-3046

Frederick G. Chockley
March 19, 2003
Page 2


I believe I have responded to your concerns.

Finally, I note you still have not responded to our Document Request and Interrogatories
regarding the e-mail referred to in Mr. Kenney's deposition and your Motion to Compel. Please
provide this information as soon as possible.

Very truly yours,

Barton J. Sidle

BJS/jkd

Enclosures via mail only.

cc:    W. Craig Kenney, *w/out encl.*
       Peter B. Langbord, Esq., *w/out encl.*
       Philip Friedman, Esq., *w/out encl.*

## w. craig kenney

**From:**      <post@conti-fairbanks.com>
**To:**        <info@conti-fairbanks.com>
**Sent:**      Wednesday, September 04, 2002 10:56 AM
**Subject:**   Data posted to form 1 of http://www.conti-fairbanks.com/citi_form.htm

************************************************************

Name:
Email:         j
MailADDRESS:                                    ue
CitySTATEzip:
DAYphone:
EVENINGphone:
SSnumber:
ACCOUNTnumber: 30
OWE_fees:
If_YES_was_it:
Loan_Status:   Past Due
Have_Counsel:
Counsel_Name:
Counsel_Phone:
B1:            Submit

Comments:

I would like to make an automated payment of August and September charges.  I have not recieved a bill
of late and can't find an old one with the 800 number on it to do so.

1/29/2003

## THE WBAL-TV I-TEAM MAKES THE PMI CONNECTION (April 8, 2003)

Last night Jayne Miller reported that the Community Law Center in Baltimore is looking into ways to co-ordinate complaints on a nationwide basis. Naturally, we support such a more and will work to insure that all borrowers are included by sharing the names of borrowers who have contacted us. The story also began to focus attention to PMI's involvement and total support of Fairbanks Capital. We will continue to address this issue.

## CLICK HERE FOR THE WBAL-TV STORY

( See WBAL TV's story entitled: "Law Center To Coordinate Mortgage Complaints" )

**Go to Top**
**Go to Index**
**Home Page**

Case 1:02-cv-02587-AMD     Document 51-2     Filed 04/17/2003     Page 19 of 20

## WE WILL NOW BE FORWARDING BORROWERS COMMENTS (April 10, 2003)

We will begin forwarding communications from borrowers directly to the investigators. The investigators need to interview borrowers who come forward through this website rather then rely on the identity of borrowers provided by the "subject" of the investigations. This will allow the investigators to get a more honest and clear picture of the problems.

**Go to Top**
**Go to Index**
**Home Page**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Northern Division

FAIRBANKS CAPITAL CORP.,          )
                                   )
                Plaintiff,         )
                                   )
v.                                 )          Civil Action No. AMD02CV2587
                                   )
W. CRAIG KENNEY, et al.,           )
                                   )
                Defendants.        )

ORDER

The Court, having considered Fairbanks' Motion to Compel Non-Redacted Discovery

Responses, the opposition thereto and oral argument, if any, it is this _____ day of _____

2003,

ORDERED, that the Motion be, and it is hereby, GRANTED; and

ORDERED, that defendant W. Craig Kenney provide non-redacted copies of all

documents produced in response to plaintiff Fairbanks Capital. Corp.'s First Request for

Production of Documents, Request No. 6; and

ORDERED, that defendant Kenney and/or his counsel pay Fairbanks' expenses incurred

in making this Motion, including attorney's fees and costs.


                                   _____
                                   Hon. André M. Davis
                                   United States District Judge