UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Northern Division

| | | |
|---|---|---|
| FAIRBANKS CAPITAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. AMD02CV2587 |
| | ) | |
| W. CRAIG KENNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTIONS TO SUPPLEMENT RECORD ON APPEAL

Plaintiff Fairbanks Capital Corp. ("Fairbanks"), by counsel, respectfully submits this opposition to Defendants' Motions to Supplement Record on Appeal. Defendants W. Craig Kenney and Brian Barr both filed motions seeking to supplement the record by submitting a purported electronic copy of the website, "Conti-Fairbanks.com," as it existed on May 6, 2003.[1] They do not cite any authority to support supplementation of the record. As the Court clearly stated in its opinion, the Court's extensive findings of fact and conclusions of law are based on the evidence presented at the February 28, 2003 hearing. The website's condition on May 6, 2003, therefore, is irrelevant to any review of this preliminary injunction. Defendants can (and do) make changes to the website on a daily or even hourly basis. Even if the revisions to the website somehow diminish defendants' infringing activity, courts consistently have held that the

---

[1] On May 9, 2003, defendant Kenney filed an affidavit with a CD-ROM stating that the CD contained a "true and accurate" electronic copy of the website as it existed on May 6, 2003. On May 13, 2003, Kenney submitted a second affidavit stating that he mistakenly identified the CD-ROM as containing the website as it existed on May 6, 2003. He now claims that the CD-ROM contains a "true and accurate" electronic copy the website as it existed on May 7, 2003. As explained further below, the CD-ROM served on Fairbanks does not contain a complete and accurate copy of the website on either of those dates.

voluntary discontinuance of challenged activities by a defendant (such as the trademark infringement here) does not render an injunction unnecessary.  Accordingly, evidence concerning the website at the time of, or after, entry of the preliminary injunction is immaterial.  The Court should deny the motion to supplement the record.

BACKGROUND

On February 28, 2003, in a day-long hearing, this Court heard evidence and argument on Fairbanks' motions for preliminary injunction.  Fairbanks submitted into evidence electronic copies of the website, "Conti-Fairbanks.com" from July 2002 (before this suit was filed) and from February 2003 (a few days before the hearing).  On March 17, 2003, Fairbanks submitted its post-hearing brief, as directed by the Court.  Defendants failed to submit any briefing on that date as required by the Court.  Instead, on March 26 and March 28, Kenney and Barr filed post-hearing briefs, respectively.  Then on March 31, 2003, Kenney filed a supplemental submission identifying various changes he made to the website.

On May 7, 2003, the day after the Court issued its preliminary injunction (but before the injunction was to take effect), Kenney again changed the website to include, among other things, a "Notice" on the home page regarding this Court's injunction.  A copy of the Notice (stating, inter alia, that Court's ruling was "a shocking and outrageous miscarriage of justice") is attached as Exhibit A.  On May 9, 2003, defendants filed their motions to supplement the record.  Kenney filed a sworn affidavit stating that the CD-ROM submitted with his motion represented "a true and accurate copy of the website www.conti-fairbanks.com as it appeared at the time the Preliminary Injunction was entered" (i.e. on May 6, 2003).  On May 13, Kenney submitted a "supplemental" affidavit, stating that, contrary to his earlier sworn statement, the CD-ROM did not represent a true and accurate copy of the website as it appeared when the injunction was

entered. Instead, Kenney claimed that the CD-ROM contained an "identical" copy of the website as it appeared on May 7, 2003, the day <u>after</u> the injunction was entered. Although the copy of the CD-ROM served on Fairbanks shows some of the changes made to the website after the injunction was entered (including the Notice attached as Exhibit A), it is not a complete and accurate copy of the website. For instance, it does not contain postings to the "Discussion Forum" or the "Discussion Archives" sections.[2]

## ARGUMENT

Defendants claim that "numerous significant changes" have been made to the website and the Court of Appeals "should have before it a clear version of the website as it appeared at the time the Preliminary Injunction was Ordered." Defs.' Mem. at ¶¶ 2, 3. They claim this is necessary so the Court of Appeals can "review the basis for this Court's ruling in the same way that this Court was able to do." <u>Id.</u> ¶ 4. They do not cite any legal support for their claims nor explain why this evidence is necessary when the Court explicitly stated in its May 6, 2003 Memorandum opinion that it based its findings on the website as it appeared in February 2003. Mem. Slip. Op. at 2 n.3.

It is perhaps understandable that the defendants have not cited any legal authority because courts consistently have held that defendants' subsequent actions do not affect the propriety of a preliminary injunction. <u>See</u> <u>Lyons Partnership, L.P. v. Morris Costumes, Inc.</u>, 243 F.3d 789, 800 (4th Cir. 2001) (finding entry of injunction appropriate even though defendant had ceased infringing activities); <u>see also</u> <u>Polo Fashions, Inc. v. Dick Bruhn, Inc.</u>, 793 F.2d 1132, 1135 (9th Cir. 1986) (holding that evidence regarding future infringement not required for entry

---

[2] The Discussion Forum section of the website contains bigoted and vitriolic postings that appear directly contrary to defendants' purported "consumer advocacy goals" of the website. A sampling of the postings that Kenney conveniently omitted from the electronic version he submitted to Court are attached as Exhibit B.

of injunction). As the Fourth Circuit stated in Lyons Partnership, "'it is well established that the voluntary discontinuation of challenged activities by a defendant does not necessarily moot a lawsuit.'" 243 F.3d 789 at 800 (quoting United States v. Jones, 136 F.3d 342, 348 (4th Cir. 1998)). A defendant must show that there is no "reasonable expectation that the alleged violation will recur" in the absence of a court order. Lyons Partnership, 243 F.3d at 801.

Defendants' changes to the website after the preliminary injunction hearing, therefore, are irrelevant to the "review" of this Court's injunction. The injunction is proper regardless of the defendants' subsequent actions. Indeed, the changes to the website demonstrate the risk of future infringement because defendants can so easily modify their website. Thus, the evidence defendants now submit—a CD-ROM allegedly containing a revised website—is irrelevant to the review of this Court's preliminary injunction. Defendants have no basis to supplement the record. The motions to supplement should be denied.

In any event, the record should not be supplemented with the CD-ROM submitted by Kenney because the CD, contrary to Kenney's two sworn affidavits, is not a true and accurate portrayal of the website on either May 6 or May 7.[3]

---

[3] As the Court is well aware, this is not the first time that Kenney has misled the Court regarding his submissions. At the preliminary injunction hearing, Kenney submitted a videotape purportedly containing two broadcasts. Instead, the videotape, which Kenney delayed serving on Fairbanks for 13 days, actually contained other irrelevant information aside from the identified broadcasts.

CONCLUSION

For the foregoing reasons, the Court should deny the Motions to Supplement the Record.

                    Respectfully submitted,

                    BAKER & HOSTETLER LLP

Dated: May 15, 2003          By:      /s/ *Mark I. Bailen*
                                            Frederick W. Chockley (Bar #04278)
                                            Gary Rinkerman
                                            Mark I. Bailen (Bar #13805)
                                            1050 Connecticut Avenue, NW, Suite 1100
                                            Washington, DC  20036
                                            (202) 861-1680
                                            (202) 861-1783 (Fax)

                                            Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2003, Plaintiff's Memorandum in Opposition to Defendants' Motions for Stay or Modified Injunction and Plaintiff's Memorandum in Opposition to Motions to Supplement Record on Appeal, which were electronically filed in this case on May 15th, 2003, were sent via first class mail, postage prepaid, to:

        Peter B. Langbord, Esq.
        Foley & Mansfield
        595 East Colorado, Suite 418
        Pasadena, CA  91101

        Daniel J. Mulligan, Esq.
        Jenkins & Mulligan
        660 Market St.
        Third Floor
        San Francisco, CA  94104

                                          By:     /s/ *Mark I. Bailen*