UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAIRBANKS CAPITAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. AMD 02 CV 2587 |
| | ) | |
| W. CRAIG KENNEY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPLEMENT RECORD**

Plaintiff offers three reasons why the motion to supplement the record should be denied, but none are persuasive:

1.  Plaintiff first argues that the evidence is irrelevant to Kenney's appeal because the Court's ruling was based on the web site as it existed at the time of the preliminary injunction hearing, and because changes that Kenney may have made after that time "do not affect the propriety of a preliminary injunction." Although we recognize that the Court **did** rule based on the state of the web site at the time of the hearing, the fact remains that the Court was aware of changes, and chose deliberately not to consider those changes. Given the fact that the injunction will, if not stayed, require that the web site be removed from the domain names and that certain changes be made to the web site even if it is placed online at a different location, the only way that the Court of Appeals will be able to judge the propriety of the injunction at the time it was entered will be by placing in the record the electronic files that must be removed form the Web pursuant to the Court's orders. This Court need not decide whether the Court of Appeals should adopt that approach to the case, but only whether defendant should be allowed to place the website in the record so that the argument may be considered.

Nor is plaintiff correct in arguing that "subsequent actions to not affect the propriety of a preliminary injunction." Plaintiff cites two trademark cases that involved the sale or rental of counterfeit goods. Pl. Opp. at 3-4, *citing Lyons Partnership v. Morris Costumes*, 243 F.3d 789 (4th Cir. 2001) (rental of counterfeit costumes); *Polo Fashions v. Dick Bruhn*, 793 F.2d 1132 (9th Cir. 1986). None of plaintiff's cases involved injunctions that were prior restraints directed at non-commercial speech. Moreover, the cases stand for the proposition that "voluntary discontinuation of challenged activities . . . does not necessarily **moot** a lawsuit." Plaintiff's Opposition at 4, *quoting Lyons Partnership*. Kenney does not argue that Fairbanks' suit is moot, but simply that, in light of the general rule that a preliminary injunction that curbs free speech should be as narrow as possible, the Court should have weighed the changes made voluntarily in deciding whether it was necessary to use judicial authority to require any **additional** changes. For example, some courts have ordered the adoption of disclaimers as a way to minimize confusion, or the elimination of certain particularly confusing features. Kenney will argue to the Court of Appeals that the necessary disclaimers had already been adopted, and that one feature to which the Court specifically referred in its opinion as heightening confusion – the banner headline, Fairbanks Resource Page – had already been removed, and that if any injunction was needed, it was only an order that the disclaimers be maintained, and the banner heading kept off the site. The purpose of the supplemental evidence is to permit the Court of Appeals to consider the evidence that will support that argument.

    2. Plaintiff next argues that the evidence should be rejected because changes can be made to Kenney's web site daily or even more often. This argument, however, cuts in **favor** of the motion to supplement the record, not against it, because it shows the necessity of creating a permanent record of the enjoined web site before even further changes are made.

3. Plaintiff's final argument against supplementing the record is that two sections of the web site – the Discussion Forum and the Discussion Archive – were not on the submitted CD. There is both a technical and a legal reason for that omission; both stem from the fact that Kenney's web site hosts an Internet bulletin board on which members of the public are permitted to post comments and engage in dialogue with each other about Fairbanks mortgage. The rest of the web site is created by Kenney on his computer and transmitted to the web hosting company from whose servers the site is made available to the Internet. Kenney can readily copy the entirety of the web site that he creates because the files are maintained on his own computer. But the Discussion Forum and its archives are maintained exclusively on the web host's servers. Kenney does not have direct access to those servers and lacks the technical capacity to copy the entire Forum and its archives.

Moreover, the Discussion Forum is legally irrelevant to this appeal, for two reasons. First, there is no contention that there is anything in the Discussion Forum that contributes to plaintiff's argument that Kenney's web site creates confusion about whether Fairbanks is the sponsor or source of the web site, and in fact, at no time before the present motion did Fairbanks even base any part of its argument about the likelihood of confusion on the Discussion Forum, or on allegedly improper links on that Forum. To be sure, it has complained about the defamatory character of some of the postings, but Kenney cannot be held legally responsible for the contents of the Discussion Forum under section 230 of the Communications Decency Act, 47 U.S.C. § 230. This federal statute provides that no person who provides access to an interactive computer service – as Kenney does by including the Discussion Forum on his web site – may be treated as the publisher of content provided by other persons. The Fourth Circuit has held that this provision bars holding a provider like Kenney, who enables interactivity by others, liable for any

content placed on the interactive portion of his web site by members of the public. *Zeran v. AOL*, 129 F.3d 327 (4th Cir. 1997).

## CONCLUSION

The motion to supplement the record should be granted.

                                                Respectfully submitted,

By:   */s/ Barton J. Sidle*
     Barton J. Sidle (#09315)
     9515 Deereco Road
     Suite 902
     Timonium, Maryland 21093
     (410) 560-2800
     (410) 308-3035 (fax)

By:   */s/ Peter B. Langbord*
     Peter B. Langbord
     FOLEY & MANSFIELD
     595 E. Colorado Boulevard
     Suite 418
     Pasadena, California 91101
     (626) 744-9359 (Office)
     (626) 744-1702 (Fax)

By:   */s/ Paul Alan Levy*
     Paul Alan Levy (DC Bar 946400)
     Public Citizen Litigation Group
     1600 - 20th Street, N.W.
     Washington, D.C. 20009
     (202) 588-1000

     Attorneys for Defendant
      W. Craig Kenney

May 19, 2003