IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAIRBANKS CAPITAL CORP., :
    Plaintiff :
     :
v. :
     : Civil No. AMD 02-2587
W. CRAIG KENNEY, et al., :
    Defendants :
     :

...o0o...

ORDER

    Plaintiff, Fairbanks Capital Corporation, instituted this action against defendants W. Craig Kenney and Brian Barr alleging several federal trademark and copyright infringement claims. On May 6, 2003, after I had conducted a long-scheduled preliminary injunction hearing on February 28, 2003, and after I had received and carefully considered the parties' post-hearing memoranda, arguments, and evidentiary materials, I entered a memorandum opinion and order setting forth findings of fact and conclusions of law explaining why I thought it appropriate to grant in part and deny in part plaintiff's motion for preliminary injunction. Specifically, I ordered that defendants to cease using the "FAIRBANKS" trademark: (1) in all domain names associated with defendants' website; (2) in the title on the homepage of the defendants' website announcing, "Welcome to the FAIRBANKS RESOURCE SITE;" (3) as part of the website owner's contact address; and (4) in the meta tags associated with the website.

    After the hearing record closed and during the weeks leading up to the issuance of the preliminary injunction, I observed at least two significant changes to the website design and

I anticipated additional changes. Accordingly, I concluded that it would not be appropriate to permit defendants' website to become a "moving target" in respect to plaintiff's motion for preliminary injunction. Accordingly, I adjudicated the preliminary injunction issues on the basis of the evidence presented at the February hearing. This was especially appropriate, in my view, inasmuch as the hearing on the preliminary injunction hearing had been scheduled by order entered on December 16, 2002, well over two months before the hearing, and defendants took no action during that period to conform their website to the requirements of the law, and, rather, obstinately insisted that they had the right to employ plaintiff's trademark in the fashion they saw fit.

Defendants have effected the changes to their website as required by the preliminary injunction and have noted an appeal. Prior to perfecting their appeal, they filed motions to supplement the record on appeal (by including in the record a CD allegedly of the website as it appeared on May 6, the date the preliminary injunction issued) and for a stay of the preliminary injunction pending appeal or, in the alternative, for entry of modified injunction. In my view, the appeal divests this court of jurisdiction to consider the latter motion, but in any event, I shall deny defendants' motions. I decline defendants' invitation continually to "track" updates to the defendants' website and provide an "evolutionary adjudication" of Fairbanks' motion for a preliminary injunction.

Defendants assert that, because the "Court of Appeals should have before it a clear version of the website as it appeared at the time the Preliminary Injunction was Ordered,"

they should be permitted to supplement the record for appeal. Defendants also contend that I should enter a modified preliminary injunction to account for the post-hearing changes that have been made to the Kenney website. The record shows, however, that during the hearing, I considered evidence and arguments based on how the website appeared as of February 28, 2003. Neither Fairbanks nor the court could possibly imagine, at that time, the extent or frequency of the subsequent changes that defendants would make to the website in an attempt to avert the court's entry of preliminary injunction. The court cannot make a ruling "in anticipation" of additional website changes, but, instead must base its ruling on the facts, evidence, and arguments before it when the merits of a motion are considered, not on how the "facts" might be altered by the unilaterally acts of the defendants in a case of this sort. Considering the speed and frequency with which defendants update their website, they would have this court continually "tracking" their "moving target," making any preliminary injunction order virtually "obsolete" by the time it issues.

Defendants' motions to supplement the record on appeal and for stay of the preliminary injunction pending appeal or, in the alternative, for entry of modified injunction are DENIED, this 23rd day of May, 2003.

/s/
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE